UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. JACK NY YIM, Defendant. | CASE NO. 18-CR-05094<br>ORDER |

This matter is before the Court on Jack Ny Yim's motion for early termination of supervised release. Dkt. 1359.

In 2019, Yim was sentenced to 96 months in custody and four years of supervised release after he pleaded guilty to one count of conspiracy to distribute controlled substances. Dkt. 766. His term of supervised release commenced on February 7, 2025.

In October 2025, Yim admitted to having violated his conditions of supervised release on seven occasions between February and August of that year. Consistent with the parties' recommendation, this Court continued Yim's supervised release without change. Then, in March and April 2026, Probation submitted reports accusing Yim of thirteen additional violations. After Probation submitted those reports, Yim was apparently

charged and convicted of additional crimes in state court. He is now serving a 60-month sentence in Washington State Department of Corrections custody.

Yim now asks this Court to terminate his federal term of supervised release and impose a new term to run concurrently with his state custodial sentence so that he can access certain programs, such as educational opportunities or drug treatment, while in state custody.

Probation opposes Yim's request. It emphasizes that Yim's performance while on supervised release was unsatisfactory and replete with violations, including the commission of additional crimes. The Government likewise opposes Yim's request. Although it recognizes that his justification for seeking early termination is laudable, it points out that neither his poor performance while on supervised release nor the severity of his most recent violations—including lying to Probation about where he lived—justify early termination.

Yim was on supervised release for only a short time before he started accruing violations, eventually culminating in his conviction for additional crimes. As noted by Probation and the Government, this represents a violation of perhaps the most fundamental requirement of supervised release: to abstain from the commission of additional crimes. Yim has not demonstrated that an early termination of supervised release would serve the ends of justice.

Therefore, it is hereby **ORDERED** that Yim's motion for early termination of supervised release, Dkt. 1359, is **DENIED**.

//

Dated this 13th day of October, 2026.

BENJAMIN H. SETTLE
United States District Judge